UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Joseph Schnitt, III,          )<br>                              )<br>        Plaintiff,           )<br>                              )<br>    vs.                       )<br>                              )<br>U.S. Department of Justice, et al.,  )<br>                              )<br>        Defendants.           )<br>                              ) | Civ. Act. No. 25-4111 (CRC) |

**DEFENDANTS' MOTION FOR EXTENSION OF TIME *NUNC PRO TUNC* TO RESPOND TO PLAINTIFF'S COMPLAINT**

Defendants request an extension of time, *nunc pro tunc*, to file a responsive pleading to Plaintiff's FOIA Complaint until February 25, 2026. Defendants were served on November 25, 2025, and their response was due on Monday, January 26, 2026. Plaintiff, through counsel, has indicated that they will take no position on the relief requested herein but will oppose any further extensions absent extenuating circumstances.

According to Fed. R. Civ. P. 6 (b)(1)(B), a party may request additional time after the expiration of a specified time, if the party failed to act because of excusable neglect. It is within the Court's discretion to determine excusable neglect. In *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*. 507 U.S. 380 (1993), the Supreme Court has set forth a four-factor test to determine whether excusable neglect exists, namely: (1) danger of prejudice to opposing party; (2) length of delay and potential impact on judicial proceedings; (3) the reason for delay; and (4) whether the movant acted in good faith. *Id.* at 395. *See also In re Vitamins Antitrust Class Actions*, 327 F.3d 1207 (D.C. Cir 2003); *Yesudian v. Howard University*, 270 F.3d 969 (D.C. Cir. 2001).

Here, a response to the complaint is a necessary predicate for the prosecution of this case; there is little, if any, prejudice to Plaintiff as fair and full adjudication of all of the issues is a hallmark of our current judicial system; the length of the delay is minimal as the answer was due on January 26, 2026; and any impact on judicial proceedings is minimal because the case is at the very initial stages. Moreover, the failure to file was due to an electronic glitch within the USAO. The entire assigning process is electronic and at times the system fails to notify of an outstanding case. Accordingly, the failure to file was inadvertent and there is no evidence of bad faith. The requested extension will not prejudice either party; rather, the requested relief will instead permit Defendant to file a response to the Complaint, which will aid the Court in its resolution.

Wherefore Defendants respectfully request that an extension of time be granted, *nunc pro tunc*, until February 25, 2026. A proposed order is attached.

Respectfully submitted,

JEANINE FERRIS PIRRO
United States Attorney

By:   */s/ Heather Graham-Oliver*
HEATHER GRAHAM-OLIVER
Assistant United States Attorney
601 D St., N.W.
Washington, D.C. 20530
(202) 252-2520 (phone)
Heather.Graham-Oliver@usdoj.gov

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **Joseph Schnitt, III,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| vs. ) | Civ. Act. No. 25-4111 (CRC) |
| ) | |
| **U.S. Department of Justice, et al.** ) | |
| ) | |
| **Defendant.** ) | |
| ) | |

**(PROPOSED) ORDER**

UPON CONSIDERATION of the Defendants' motion for extension of time *nunc pro tunc*, and the entire record herein, the motion is hereby GRANTED;

Defendants are ORDERED to file the response to the complaint on or before February 25, 2026.

SO ORDERED.

Date: _____

UNITED STATES DISTRICT JUDGE