**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| JOSEPH H. SCHNITT, III | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | Civil Action No: 25-4111 (CRC) |
| | * | |
| PAMELA J. BONDI et al. | * | |
| | * | |
| Defendants. | * | |

\*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*

**NOTICE OF FILING OF RELEVANT DISTRICT COURT**
**DECISION AND SUPPLEMENTAL FACTUAL AUTHORITY IN**
**SUPPORT OF OPPOSITION TO DEFENDANTS' MOTION TO DISMISS**

NOW COMES the Plaintiff Joseph H. Schnitt, III, by and through his undersigned counsel, to respectfully submit to the Court a decision issued on July 21, 2026, a copy of which is attached at Exhibit "1", by the U.S. District Court for the Eastern District of Virginia in *Comans v. Executive Office of the President et al.*, Civil Action No. 25-cv-01237-MSN-WEF. This case involves similar issues relating to the Executive Branch's use of Article II for the basis of employment termination and claims pursuant to the Fifth Amendment's Liberty Interest and a request for a name clearing hearing. The Court granted partial summary judgment to the Plaintiff. *Id.*

Additionally, the Defendants have taken the position that "[w]ithout exception, the Supreme Court and the D.C. Circuit alike have held that personnel actions like those at issue in Counts One through Seven of Plaintiff's complaint are exclusively channeled away from district court review for employees to whom the CSRA provides remedies." Defendants' Motion to Dismiss at 10-11 (filed February 25, 2026)(Dkt. 9-1). Mr. Schnitt has argued, among other positions, that the Merit Systems Protection Board ("MSPB") is no longer independent, both as a matter of fact and law. *See* Plaintiff's Memorandum of Law in Opposition to Defendants' Motion to Dismiss at 7-27 (filed April 2, 2026)(Dkt. 11)("Schnitt's Opp.")

Since the filing of Mr. Schnitt's Opposition, on July 21, 2026, the Federal News Network published the article "After Slaughter decision, MSPB no longer calling itself 'independent'", which can be found at *https://federalnewsnetwork.com/management/ 2026/07/after-slaughter-decision-mspb-no-longer-calling-itself-independent/*. A copy of the article is also attached at Exhibit "2". The article states that:

> The Merit Systems Protection Board is no longer describing itself as "independent," after a Supreme Court ruling last month expanded the president's powers to fire heads of agencies that, for decades, have been deliberately insulated from presidential control.

*Id*. The recent Supreme Court ruling referenced is that of *Trump, et al. v. Slaughter*, 2026 U.S. LEXIS 2877 (U.S. June 29, 2026).[1] The undersigned has confirmed the accuracy of the article by reviewing the Internet's WayBack Machine (*https://web.archive.org/*). The MSPB's "About" page on its website has been modified to delete the word "independent" in its first sentence. *Cf.* Exhibit "3" (MSPB "About" page from June 2026) with Exhibit "4" (MSPB "About" page from July 30, 2026). Additionally, although the Federal News Network article mentioned that at the time of its publication some "independent" descriptive word references remained on the MSPB's website, such as within the "Questions and Answers" page (*https://www.mspb.gov/appeals/appellantqanda.htm*). A contemporaneous review of that page reveals that this is no longer the case and the word has been deleted as well.

---

[1] The existence of this case was referenced in Schnitt's Opp. at 27 fn.17 but the decision was issued after briefing was completed. Upon request of the Court, Mr. Schnitt can address why the decision plays no role in the present dispute.

Date:    July 30, 2026

Respectfully Submitted,

*s/ Mark S. Zaid*

_____

Mark S. Zaid, Esq.
D.C. Bar #440532
Bradley P. Moss, Esq.
D.C. Bar #975905
Mark S. Zaid, P.C.
1250 Connecticut Avenue, N.W.
Suite 700 – PMB 5287
Washington, D.C. 20036
(202) 498-0011
Mark@MarkZaid.com
Brad@MarkZaid.com

Attorneys for the Plaintiff